## ONDERDONK *vs.* THE CITY OF BROOKLYN.

A purchaser of lands sold for taxes or assessments, in the city of Brooklyn, cannot maintain an action against the city, to recover moneys paid to the collector of taxes and assessments by other persons, for the use of the plaintiff, and for the purpose of redeeming such lands from the tax sale, and which moneys the collector has refused to pay over to the plaintiff, on demand made. SCRUGHAM, J. dissented.

The collector acts as a public officer, in receiving the redemption money, upon sales of that nature, but not as the agent of the city.

THIS action was brought, in the city court of Brooklyn, to recover from the city of Brooklyn certain moneys paid to the collector of taxes of said city, for the plaintiff's benefit, by other parties, for the purpose of redeeming premises which the plaintiff had previously purchased at sales for taxes or assessments; and which moneys, it was alleged, the defendant had refused to pay over to him, on demand made. The city court rendered a judgment in favor of the plaintiff, for $6615.53; from which the defendant appealed.

*A. McCue,* for the appellant.

*John E. Burrill,* for the respondent.

EMOTT, J. The plaintiff in this case purchased various lots of land at sales for taxes or assessments, or both. He received the certificates required to be given by the collector, and paid to him the amount of his bids. Afterwards these parcels of land were redeemed by mortgagees or owners, who paid to the collector of taxes and assessments for the city of Brooklyn the amounts paid by the plaintiff on the purchase of such lots respectively, with interest at fifteen per cent. These amounts, so paid to the collector, have not been paid over by him, and after demanding payment of the collector, the plaintiff has brought this action against the city.

I am clearly of opinion that the action cannot be maintained. It will be observed that it is not brought to recover back

money unlawfully obtained from the plaintiff by the city, or which has been received by the city in any way. A part of the money paid by the plaintiff to the collector upon the sale may have been received for, and paid over to, the city treasurer, but that is not the subject of the present action. What the plaintiff claims is money paid to this officer by other parties, for the purpose of redeeming property previously sold for the taxes. The city had therefore ceased to have any interest in either the property or the moneys which were to result from its redemption. The moneys paid for that purpose were paid to a public officer, for the use of the plaintiff. So the statute declares. (*Charter of Brooklyn, tit.* 5, § 29.) As far as the city is concerned, its relations to the tax, the property, and the purchaser, were at an end when the property was sold and the tax satisfied. What followed concerned only the owners or mortgagees of the property sold and the purchasers at the sale. The collector unquestionably acted as a public officer in receiving the redemption money, but not as the agent of the municipal corporation which is sued in this action.

There is no principle or precedent for the doctrine that a municipal corporation is liable for a wrong or a neglect of duty committed by one of its officers, merely because he is a corporate or municipal officer. When such officers act in its behalf, and within the scope of their duty, they may bind the corporation by the contracting of a debt. When, in the performance of any undertaking by the corporation, its officers commit an injury upon private property or rights, the corporation are liable upon the principle of *respondeat superior*. But in all these cases the officer is acting in behalf of the corporation, and they are liable for his acts, to the extent that any other principals would be liable for the acts of his servant or agent.

Where the corporation itself is bound to perform an act, or discharge a duty, it will be liable for the manner in which that duty is discharged, or that act performed, and for a neglect to perform it. The recent cases of *Conrad* v. *Trustees of*

*Ithaca,* (16 *N. Y. Rep.* 158,) and *Weet* v. *Trustees of Brock-port,* (*Id.* 161, *note,*) proceed upon this principle. Its limitation, with reference to the present inquiry, is that the liability only extends to cases where the duty is cast upon the corporation, and not where it is imposed by the law upon the officer. (*See Martin* v. *Mayor of Brooklyn,* 1 *Hill,* 545; *Lorillard* v. *Town of Monroe,* 12 *Barb.* 161; 1 *Kern.* 392.)

In the present case the complaint charges a non-feasance or neglect of a duty to the plaintiff, imposed by statute upon the collector of taxes in the city of Brooklyn. If the collector is in any sense, or in the performance of any part of his duties, the agent of the corporation, it can hardly be said that he is so here. The collector is a civil officer, and the duty of the neglect of which the plaintiff complains is cast upon him by a public statute. In the discharge of this part of his functions he does not act for or in behalf of the corporation. They do not receive a benefit by the redemption money, and are not in any degree connected with the transaction, except by the fact that it is conducted through the agency of an officer elected by the citizens of Brooklyn. In the case of *Lorillard* v. *The Town of Monroe,* just cited, it was held that a town is not liable for malfeasance or misfeasance of its assessors, and that assessors and collectors of taxes are not, as such, the agents or servants of the towns, nor are these corporate bodies liable for the misconduct of such officers in the assessment or collection of taxes. There is no difference in this respect between the relation of cities and towns to these officers. Cities and villages are liable in certain cases to duties and responsibilities which are not imposed upon the bodies which are called towns in our system. They possess greater powers, and are responsible for the acts of their officers in the exercise of these powers. They enjoy greater privileges, and owe certain duties in compensation for these privileges, for the neglect of which they are liable. But the difference between towns and cities in these particulars is in the greater duties and responsibilities, in respect to certain subjects, cast upon the latter corporations

themselves, and not in any more extended responsibility for the acts of their officers in the discharge of duties imposed specifically upon them and not upon the corporate body. Especially is this not the case when the same officers exist in both classes of corporations, with duties essentially the same in each case. If a town cannot be held liable for the neglect of a collector to discharge the duties of his office according to the law creating it, I am unable to see any reason why a city should be under any greater responsibility in a similar case.

The complaint in this action does not disclose any cause of action, and the judgment must be reversed.

BROWN, J. concurred.

SCRUGHAM, J. (dissenting.) The decision of this case will involve the consideration of the relation which exists between the defendants, a municipal corporation, and the collector of taxes and assessments of the city of Brooklyn ; and whether or not that officer can be regarded as the agent of the corporation.

By section 1 of title 3 of the charter of the city of Brooklyn, he is declared to be one of the officers in whom the administrative powers of the corporation are vested. By section 2 of title 5, he is required to execute a bond to the corporation, conditioned for the faithful performance of his duties, and for accounting for and paying over as directed by law all moneys which shall be received by him as such collector. And by section 30 of the same title, it is made his duty, upon receipt of money paid in redemption of land sold for taxes, to cause the same to be refunded to the purchaser, his legal representatives or assigns.

He is not paid for his services, as are collectors in townships, by a percentage charged on every tax, but by a salary from the corporation, fixed by its common council, and paid out of its treasury ; and he is furnished by them with an office, and other conveniences for the transaction of his business, and the

Onderdonk *v.* City of Brooklyn.

per centage and other emoluments derived from the transaction of that business belong to the corporation, and are paid into the city treasury. The common council may suspend and remove him for official neglect or misconduct, in the same manner provided for the removal of other officers of the city government. A conversion, investment or loan of any of the moneys received by him, is made by the charter an embezzlement, and declared to be a felony, punishable by imprisonment in the state prison.

Considering all these provisions of the charter, the collector must be regarded as the agent of the corporation : but especially must he be so regarded in reference to all acts under the provisions for the sale of land for taxes, and its redemption ; for they are powers appurtenant to the right of eminent domain, and their exercise is reserved to the officers of the state, except in this and a few other instances of municipal incorporations to which they have been granted for convenience ; and in performing such duties the collector acts under the authority so specially conferred upon the corporation, and is its agent.

The relation existing between the defendants and their collector of taxes and assessments is very different from that which exists between a town and its collector. The town is only a quasi corporation, possessing very few corporate powers, and none in relation to the collection of taxes, or to the sale of land for taxes, or its redemption. It has no power over its collector during his term of office, either of instruction, suspension or removal. His duties are prescribed by the general statutes, and not by special acts appropriate to his town alone. He receives no compensation for any service from the town, nor does the town furnish him with any conveniences for the transaction of his business, or receive any portion of the emoluments of his office.

The collector of taxes and assessments having received money in redemption of lands sold for taxes and purchased by the plaintiff, received it to the use of the plaintiff, and it was his duty to cause it to be refunded to the plaintiff ; failing to

do this, and being considered the agent of the corporation, the defendants became liable to the plaintiff for the amount, and they have their remedy against the collector and his sureties upon his bond ; a remedy of which the plaintiff could not avail himself.

But it is urged that the plaintiff cannot maintain this action, because he has not tendered a surrender of the certificate he received at the time of the purchase; and it is said that the certificate is a lien upon the land sold, and must be delivered up to be canceled. It is provided that the certificate shall be recorded in the collector's office, and shall constitute a lien after it has been so recorded. It is the record, therefore, which makes it a lien, and its surrender to the collector is no more necessary to discharge it, than is the delivery to a county clerk, or register, of a recorded mortgage, necessary to its discharge from record.

By section 29 of title 5 of the charter it is provided that the certificate of the collector, stating the payment in redemption, and showing what land such payment is intended to redeem, shall be evidence of such redemption. Section 30 provides that upon receipt of such moneys, all proceedings in relation to the sale shall cease, and by section 32 the collector is required to note such payment on the original tax or assessment roll, or copy thereof in his office; and it is declared that such memorandum shall be sufficient evidence of such payment. It is evident from these provisions that the payment in redemption is to be regarded as a discharge of the lien, and that these entries are to be considered a sufficient record thereof; especially as there is no section requiring a surrender of the certificate, or any other act by the purchaser, to authorize the collector to enter the discharge. It cannot be claimed that the production of the certificate by the original purchaser is necessary to show his title to the moneys paid in redemption ; for no assignment of his certificate would be valid unless notice of it, with the name and residence of the assignee, had

been filed in the office of the collecror.    And it is not claimed in this case that any such assignment had been made.

The judgment of the city court should be affirmed.

Judgment reversed.

[DUTCHESS GENERAL TERM, May 14, 1860.    *Emott, Brown* and *Scrugham,* Justices.]